**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ESTEBAN CHAVEZ AMADOR,<br><br>  Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | Nos. 12-72502<br>    12-73825<br><br>Agency No. A075-093-397<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Esteban Chavez Amador, a native

and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") orders dismissing his appeal from an immigration judge's ("IJ") removal

order, and denying his motion to reopen.  Our jurisdiction is governed by 8 U.S.C.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo due process claims. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Chavez Amador's claim that the IJ's denial of a fourth motion for a continuance to appeal the state court's denial of post-conviction relief violated his due process rights lacks merit, where he was afforded a full and fair hearing and he failed to demonstrate prejudice. *See Cruz Rendon*, 603 F.3d at 1109 ("In order to prevail on [a due process] claim, the alien . . . must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted)).

Chavez Amador has not raised, and has therefore waived, any challenge to the BIA's denial of his motion to reopen based on ineffective assistance. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

Chavez Amador failed to exhaust any challenge to the agency's determination that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a controlled substance violation. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not exhausted in petitioner's administrative proceedings before the agency). Chavez

Amador's conclusory contention that remand is required for a categorical analysis due to a change in law is unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**